# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 10, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**WILLIAMSON MEMORIAL HOSPITAL,**
**Employer Below, Petitioner**

**vs.)    No. 12-0873** (BOR Appeal No. 2046727)
                    (Claim No. 2010138091)

**TRACI SPENCE,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner Williamson Memorial Hospital, by Daniel Murdock, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated June 22, 2012, in which the Board affirmed a December 23, 2011, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's March 18, 2011, decision which closed the claim for temporary total disability benefits. In its Order, the Office of Judges also affirmed and modified the claims administrator's June 17, 2011, decision which held the claim compensable for lumbar strain. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Spence injured her lower back in the course of her employment on June 9, 2010. Earlier that year she underwent surgery to treat a disc herniation on the left side at the L5-S1 region that was causing lower back pain that radiated down her left side. The surgery was completed in March of 2010. Ms. Spence's pain was reduced and she was able to return to work with no restrictions. After her injury on June 9, 2010, she experienced severe pain in her lower back that radiated down her right side. MRIs taken before the work-related injury showed no indication of a herniated nucleus pulposus on the right side at L4-5. On September 3, 2010, a

1

treatment note by Panos Ignatiadis, M.D., showed that Ms. Spence's MRI indicated that she had a disc protrusion at L4-5 on the right side. A repeat MRI taken in April of 2011 also showed that Ms. Spence had a disc herniation on the right side at L4-5. It was the opinion of Dr. Ignatiadis that the disc herniation was the direct result of the work-related injury in June of 2010. David Jenkinson, M.D., in his independent medical examination on September 22, 2010, found no evidence that suggested the herniated nucleus pulposus did not occur in the course of Ms. Spence's employment. Paul Bachwitt, M.D.,'s independent medical evaluation on January 17, 2011, found that Ms. Spence suffered from a lumbar sprain/strain. He determined that she was at maximum medical improvement for the condition. On March 18, 2011, the claims administrator closed the claim for temporary total disability benefits. It held the claim compensable for lumbar strain on June 17, 2011.

The Office of Judges reversed the March 18, 2011, decision of the claims administrator and awarded Ms. Spence temporary total disability benefits through April 8, 2011, and thereafter as supported by medical evidence in its December 23, 2011, Order. In that Order it also held that the claim was compensable for a herniated nucleus pulposus right at L4-5. The Office of Judges found that the claims administrator closed the claim for temporary total disability benefits based on the independent medical evaluation by Dr. Bachwitt which found that Ms. Spence was at maximum medical improvement. The Office of Judges held that a preponderance of the evidence indicated that Ms. Spence suffered a right-sided herniation at the L4-5 level in the course of her employment. It determined that she previously had a herniated disc at L5-S1. She had surgery to treat the condition and returned to work where she suffered a new injury on June 9, 2010. The Office of Judges found that the opinions of Dr. Ignatiadis and Dr. Jenkinson that Ms. Spence's right-sided herniation and symptoms occurred as a result of her June of 2010 occupational injury were persuasive. The Office of Judges determined that their opinions were more persuasive than Dr. Bachwitt's opinion that the injury was only a strain. The Office of Judges found that Drs. Ignatiadis's and Jenkinson's opinions were supported by radiographic evidence, Ms. Spence's testimony, and treatment records. Williamson Memorial Hospital's argument that Ms. Spence's pre-injury MRI reflects post-injury changes was not found to be persuasive, because there was no evidence of a herniated disc at L4-5 on the right prior to the June 9, 2010, injury. Also, Ms. Spence experienced no symptoms on the right prior to her work-related injury. Because the Office of Judges determined that the herniated nucleus pulposus was a compensable condition, it held that Ms. Spence should receive temporary total disability benefits. The Office of Judges found that Dr. Ignatiadis stated in his treatment notes that she was temporarily and totally disabled through April 8, 2011. Accordingly, the Office of Judges determined that Ms. Spence was entitled to temporary total disability benefits through April 8, 2011, and thereafter as supported by medical evidence.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its June 22, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. Prior to the injury, Ms. Spence's MRIs showed no indication of a herniated nucleus pulposus on the right side at L4-5. After the injury, her MRIs showed a herniation at that location. Additionally, she did not experience pain radiating down her right side until after her work-related injury. It was the opinion of her treating physician that the herniation was the direct result of her work-related injury. Therefore, a

2

preponderance of the evidence shows that the Board of Review was correct in its determination that Ms. Spence sustained a herniated nucleus pulposus on the right side at L4-5 in the course of her employment. It was also correct that Ms. Spence is entitled to temporary total disability benefits through April 8, 2011, and thereafter as supported by medical evidence.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 10, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II